**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118967

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

| | |
|---|---|
| MICHAEL P. MCDONOUGH, individually and all others similarly situated, | Docket No: 7:20-cv-01141-CS |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. | |
| LEOPOLD & ASSOCIATES, PLLC and TRINITY FINANCIAL SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

Michael P. McDonough, individually and all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, as and for his First Amended Complaint, complains, states and alleges against Leopold & Associates, PLLC and Trinity Financial Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      The events or omissions giving rise to the claim pertain to Defendants' non-judicial correspondence sent to Plaintiff in an attempt to collect an alleged debt.

5.      The majority of the correspondence at issue was generated by Defendant Leopold & Associates, PLLC, a New York law firm in Armonk, New York and/or from the Armonk computers and/or servers.

6.      The majority of the correspondence at issue is maintained by Defendant Leopold & Associates, PLLC, a New York law firm in its office located in Armonk, New York.

7.      All witnesses and evidence relevant to this case are located within this Judicial District, insofar as Plaintiff's testimony will be the least relevant, if at all relevant based on the objective least sophisticated consumer standard which pays no attention to the circumstances of the particular debtor in question.  *Easterling v. Collectco, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012); *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

8.      At all relevant times, Defendants conducted business within the State of New York.

9.      This judicial district is the most convenient judicial district for the Defendants.

**PARTIES**

10.     Plaintiff Michael P. McDonough is an individual who is a citizen of the State of Pennsylvania residing in Allegheny County, Pennsylvania.

11.     Plaintiff is a natural person allegedly obligated to pay a debt.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     On information and belief, Defendant Leopold & Associates, PLLC, is a New York Professional Limited Liability Company with a principal place of business in Westchester County, New York.

14.     On information and belief, Defendant Leopold & Associates, PLLC's headquarters is located at 80 Business Park Drive, Suite 110, Armonk, NY  10504.[1]

15.     On information and belief, Defendant Leopold & Associates, PLLC holds itself out as having a satellite office in Samford, CT.[2]

---

1        https://www.linkedin.com/company/leopold-&-associates-pllc/about/.
2        Id.

16.      On information and belief, Defendant Leopold & Associates, PLLC holds itself out as having a satellite office in Portland, ME.[3]

17.      On information and belief, Defendant Leopold & Associates, PLLC holds itself out as having a satellite office in Parsippany, NJ.[4]

18.      On information and belief, Defendant Leopold & Associates, PLLC holds itself out as having a satellite office in White River Junction, VT.[5]

19.      On information and belief, Defendant Leopold & Associates, PLLC holds itself out as having a satellite office in New York, NY.[6]

20.      On information and belief, Defendant Leopold & Associates, PLLC does not hold itself out as maintaining any office in the State of Pennsylvania.[7]

21.      On information and belief, Defendant Leopold & Associates, PLLC does not have an office in the State of Pennsylvania.

22.      On information and belief, Defendant Leopold & Associates, PLLC is not registered to do business in the State of Pennsylvania as a domestic entity.

23.      On information and belief, Defendant Leopold & Associates, PLLC is not registered to do business in the State of Pennsylvania as a foreign entity.

24.      On information and belief, Defendant Trinity Financial Services, LLC, is a Florida Limited Liability Company with a principal place of business in Orange County, Florida.

25.      On information and belief, Defendant Trinity Financial Services, LLC, is registered to do business in the State of New York as a foreign limited liability company.

26.      On information and belief, Trinity Financial Services, LLC is not the original creditor of any loan to Plaintiff.

27.      On information and belief, the original creditor for the loan at issue was from PNC Bank, N.A.

28.      On information and belief, Trinity Financial Services, LLC acquired the loan between Plaintiff and PNC Bank, N.A. after it was in default.

29.      Trinity Financial Services, LLC is debt collector.

---

3        Id.
4        Id.
5        Id.
6        Id.
7        Id.

Barshay Sanders PLLC

30.     In correspondence sent by Trinity Financial Services, LLC to Plaintiff Trinity self-identifies itself as a debt collector.

31.     Defendants regularly collect or attempt to collect debts asserted to be owed to others.

32.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

33.     The principal purpose of Defendants' business is the collection of such debts.

34.     Defendants use the mails in their debt collection businesses.

35.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

36.     Defendant Trinity Financial Services, LLC is additionally liable for the actions of its agent, Leopold & Associates, PLLC.

**THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

37.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

38.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

39.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

40.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

4

41.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

42.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).  Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

43.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense.  15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

44.     Defendants allege that Plaintiff owes a debt (the "alleged Debt").

45.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

46.     The alleged Debt originally stems from a March 22, 2004 note and mortgage between Plaintiff and PNC Bank, N.A. related to a residential property located at 948 Broadmeadow Drive, Pittsburgh, PA 15237.

47.     The alleged Debt does not arise from any business enterprise of Plaintiff.

48.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

49.     Plaintiff last made a payment on the Debt on November 22, 2007.

50.     PNC Bank, N.A. accelerated the debt in or about February 2008.

51.     On or about September 25, 2018, PNC Bank, N.A. assigned the note and mortgage to US Mortgage Resolution LLC.

52.     On information and belief, PNC Bank, N.A. took no affirmative action to decelerate the note prior to assigning the note and mortgage to US Mortgage Resolution LLC.

53.     On information and belief, US Mortgage Resolution LLC took no affirmative action to decelerate the note prior to assigning, selling or otherwise transferring the note and mortgage.

54.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendant Trinity Financial Services, LLC for collection.

55.     At the time the alleged Debt was assigned or otherwise transferred to Defendant Trinity Financial Services, LLC for collection, the alleged Debt was in default.

56.     Under Pennsylvania law, the alleged Debt became time barred on or about February 2012. See Pennsylvania Statutes Title 42 Pa.C.S.A. Judiciary and Judicial Procedure § 5525.

57.     In its efforts to collect the alleged Debt, Defendant Trinity Financial Services, LLC retained Defendant Leopold & Associates, PLLC, a New York law firm, to collect the alleged Debt.

58.     In its efforts to collect the alleged Debt, Defendant Leopold & Associates, PLLC contacted Plaintiff by letter (the "Letter") dated September 24, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1"**).

59.     The Letter was sent at the behest of Defendant Trinity Financial Services, LLC.

60.     The Letter was sent from Defendant Leopold & Associates, PLLC's New York office.

61.     The Letter states at the top, "**NOTICE OF INTENTION TO FORECLOSE MORTGAGE**".

62.     The Defendants subsequently contacted Plaintiff by various emails and attempted to have Plaintiff enter into a payment arrangement.

63.     The various emails were sent by Defendant Leopold & Associates, PLLC, a New York law firm.

64.     The Letter and the emails conveyed information regarding the alleged Debt.

65.     The Letter and the emails are "communications" as defined by 15 U.S.C. § 1692a(2).

66.     The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

67.    The Letter and the emails falsely advise the Plaintiff that the Defendants could actually foreclose on the time-barred alleged Debt and that Plaintiff is legally liable to pay the alleged sum.

68.    The Letter states that "If you do not cure this default within THIRTY-FIVE (35) DAYS, Trinity may also start a lawsuit to foreclose on your mortgaged property, 948 BROADMEADOW DR, PITTSBURGH, PA 15237.

69.    Since Defendants are aware that the Debt is time-barred under Pennsylvania Law and that the lapsing of the statute of limitations is a full and absolute defense to any legal action, Defendants had no intention to commence any legal foreclosure action against Plaintiff.

70.    The Letter further states "If the mortgage is foreclosed your mortgaged property will be sold by the Sheriff to pay off the mortgage debt."

71.    Since Defendants are aware that the Debt is time-barred under Pennsylvania Law and that the lapsing of the statute of limitations is a full and absolute defense to any legal action, Defendants had no intention to commence any legal foreclosure action against Plaintiff and are aware that the mortgaged property would not be sold by the Sheriff to pay off the mortgage debt.

72.    The Letter additionally warns, "If you do not cure this default within THIRTY FIVE (35) DAYS, TRINITY may also start a lawsuit to sue you personally for the unpaid principal balance and all other sums due under the note and mortgage."

73.    By threatening Plaintiff with legal actions and remedies which would not be undertaken and/or could not occur, Defendants were hoping to fraudulently coerce Plaintiff to reaffirm the time-lapsed obligation thus bringing it back to within the statute of limitations.

74.    Since the time of the commencement of this action, Trinity has continued efforts to collect the alleged Debt in its own right.

75.    The Letter(s) and the emails were received and read by Plaintiff.

76.    15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

77.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

78. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

79. Defendant Trinity Financial Services, LLC is liable for its own actions in addition to those of its agent, Leopold & Associates, PLLC.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10)**

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

81. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

82. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

84. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or is not intended to be taken.

85. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

86. The Letter threatens legal action against Plaintiff.

87. The Letter and the emails falsely advise the Plaintiff that the Defendants could actually foreclose on the time-barred alleged Debt and that Plaintiff is legally liable to pay the alleged sum.

88. The Letter and the emails contain false language threatening Plaintiff about legal actions that cannot be taken on the alleged Debt.

89. Collection communications are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

90. As a result of the false threat set forth above, the Letter and the emails would mislead the least sophisticated consumer to believe that the alleged Debt could be foreclosed; and therefore, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

91.     As a result of the false and deceptive threat set forth above, the Letter and the emails would unduly coerce the least sophisticated consumer into making payments on the alleged Debt; and therefore, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

92.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5)  and 1692e(10) and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

93.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

94.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

95.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

96.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

97.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

98.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

99.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

100.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

101.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

102.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

103.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

104.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

105.    Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

106.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

107.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

108.    The Letter threatens legal action against Plaintiff.

109.    The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to dispute the alleged Debt.

110.    The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to request validation of the alleged Debt.

111.    The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to request the name and address of the original creditor.

112.    The least sophisticated consumer, upon reading such threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless face foreclosure.

113.    The least sophisticated consumer, upon reading such threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face foreclosure even during the verification process.

114.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

115.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

116.    As a result of the foregoing, the threat of foreclosure would likely make the least sophisticated consumer confused as to her rights.

117.    As a result of the foregoing, the threat of foreclosure would likely make the least sophisticated consumer uncertain as to her rights.

118.    Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to dispute the alleged Debt.

119.    Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

120.    Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

121.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

122.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

123.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

124.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

125.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

126.    The least sophisticated consumer could reasonably interpret the Letter to mean that

even if she exercises her validation rights, she could nevertheless face foreclosure.

127. The least sophisticated consumer, upon reading such threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face foreclosure even during the verification process.

128. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

129. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

130. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)

131. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

132. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

133.

134. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

135. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

136. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

137.    The Letter states in part: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after the receipt of this letter, the debt will be assumed to be valid by Trinity."

138.    The Letter further states: "If you notify Trinity within thirty (30) days that the debt or a portion of the debt is disputed, Trinity will send you verification of the debt."

139.    The Letter further states: "If you would like to obtain such verification, direct your request in writing to Trinity within thirty days."

140.    The Letter fails to provide the disclosure required by 15 U.S.C. § 1692g(a)(5).

141.    The least sophisticated consumer would be unaware of this right unless such disclosure were contained in the Letter.

142.    Because the Letter fails to provide the disclosure required by 15 U.S.C. § 1692g(a)(5), Defendants violated such section and are liable to Plaintiff therefor.


**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(4) and (5)**

143.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

144.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

145.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

146.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

147.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the

current creditor.

148.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

149.    The Letter states in part: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after the receipt of this letter, the debt will be assumed to be valid by Trinity."

150.    The Letter further states: "If you notify Trinity within thirty (30) days that the debt or a portion of the debt is disputed, Trinity will send you verification of the debt."

151.    The Letter further states: "If you would like to obtain such verification, direct your request in writing to Trinity within thirty days."

152.    In order to be valid, thereby triggering a consumer's rights and a debt collector's obligation to cease collection efforts until such information is provided, a dispute under 15 U.S.C. § 1692g(a)(4) must be made in writing.

153.    In order to be valid, thereby triggering a consumer's rights and a debt collector's obligation to cease collection efforts until such information is provided, a dispute under 15 U.S.C. § 1692g(a)(5) must be made in writing.

154.    The Letter instructs Plaintiff to direct all written disputes to Trinity.

155.    The Letter fails to provide an address at which Trinity would accept written disputes.

156.    The least sophisticated consumer would be unaware of the address to which written disputes are to be sent.

157.    Because the Letter fails to provide the address at which Trinity would accept written disputes, the Letter violates 15 U.S.C. §§ 1692g(a)(4) and (5) and Defendants are liable to Plaintiff therefor.


**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

158.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

159.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

160.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

161.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

162.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

163.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

164.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

165.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

166.    The Letter states in part: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after the receipt of this letter, the debt will be assumed to be valid by Trinity."

167.    The Letter further states: "If you notify Trinity within thirty (30) days that the debt or a portion of the debt is disputed, Trinity will send you verification of the debt."

168.    The Letter further states: "If you would like to obtain such verification, direct your request in writing to Trinity within thirty days."

169.    15 U.S.C. § 1692g(b) provides that if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

170.    The obligation to investigate and validate the debt is one which belongs to the debt collector not to a third-party.

171.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

172.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

173.    The Letter directs Plaintiff to communicate disputes to Defendant Trinity Financial Services, LLC.

174.    The Letter does not direct Plaintiff to communicate disputes to Defendant Leopold & Associates, PLLC.

175.    A written dispute, if sent to Defendant Trinity Financial Services, LLC would be insufficient as a matter of law to trigger Plaintiff's rights under 15 U.S.C. § 1692g(b).

176.    The Letter's instruction for Plaintiff to communicate disputes to Defendant Trinity Financial Services, LLC is a subterfuge by Defendant Leopold & Associates, PLLC to avoid its obligations under 15 U.S.C. § 1692g(b).

177.    In light of the foregoing, the Letter violates 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and Defendants are liable to Plaintiff therefor.


**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1) and § 1692e**

178.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

179.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

180.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

181.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

182.     The body of the Letter does not provide the amount of the alleged Debt.

183.     The body of the Letter only identifies the portion of the alleged Debt which is alleged to be in default.

184.     The Letter states that Plaintiff had not made payments on account of the alleged debt from 11/22/2007 through 9/22/2019.

185.     The Letter states that "late charges and other charges have accrued to this date in the amount of $2,284.00."

186.     The Letter does not state what "other charges" are included in the statement of the default amount.

187.     The Letter does not state how such "other charges" were calculated.

188.     The Letter is dated September 24, 2019.

189.     Because the Letter does not state how interest is accrued on the alleged Debt, the least sophisticated consumer would be confused as to whether the default amount was valid through 9/22/2019, or, through the date of the Letter.

190.     The Letter further states, "You may find out at any time exactly what the required payment will be by calling Trinity at 855-818-6806," thereby suggesting that the default amount stated is not the amount owed as of the date of the Letter.

191.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

192.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

193.     Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights."  *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

194.     Because the Letter is reasonably susceptible to an inaccurate reading with respect to the amount of the default, the Letter violates 15 U.S.C. § 1692e and Defendants are liable to Plaintiff therefor.

195.     Because the Letter is reasonably susceptible to an inaccurate reading with respect to the amount of the debt, the Letter violates 15 U.S.C. § 1692e and Defendants are liable to Plaintiff therefor.

## SEVENTH COUNT
## Violation of 15 U.S.C. § 1692e

196.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

197.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendants deprived Plaintiff of this right.

198.     An unsigned addendum to the Letter purports to contain the validation notice required by 15 U.S.C. § 1692g(a).

199.     The validation notice on the unsigned addendum instructs Plaintiff to direct disputes to "this office."

200.     The Letter does not contain any transitional language connecting the validation notice set forth in the body of the Letter with that set forth in the unsigned addendum.

201.     The Letter does not contain any language purporting to reconcile the validation notice set forth in the body of the Letter with that set forth in the unsigned addendum.

202.     The validation notice set forth in the body of the Letter directs Plaintiff to address disputes to Trinity.

203.     The least sophisticated consumer would be confused as to whether disputes should be directed to Trinity as is set forth in the body of the Letter, or, to "this office" as is set forth in the unsigned addendum to the Letter.

204.     The least sophisticated consumer could read the Letter and reasonably believe that disputes are to be sent to Trinity.

205.    The least sophisticated consumer could read the Letter and reasonably believe that disputes are to be sent to "this office."

206.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

207.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

208.    Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

209.    Because the Letter is reasonably susceptible to an inaccurate reading with respect to the protocol for disputing the alleged Debt, the Letter violates 15 U.S.C. § 1692e and Defendants are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

210.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

211.    Plaintiff seeks to certify two classes of:

> i.  All consumers to whom Defendants sent collection letters or emails, whereby they falsely and deceptively threatened of lawsuit for foreclosure or carried on a communication in furtherance of such threat, without informing the consumers of the legal status of such debts, which letters or emails were sent on or after a date one year prior to the filing of this action to the present.

212.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

213.    The Class consists of more than thirty-five persons.

214.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is

superior to other available methods for the fair and efficient adjudication of this controversy.

215.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

216.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

217.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a.   Certifying this action as a class action; and

b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.   Finding Defendants' actions violate the FDCPA; and

d.   Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: May 21, 2020        **BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
csanders@barshaysanders.com
_Attorneys for Plaintiff_
Our File No.: 118967