IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. MCDONOUGH,

       Plaintiff,

    v.

LEOPOLD & ASSOCIATES, PLLC,
TRINITY FINANCIAL SERVICES, LLC,

       Defendants.

2:21-CV-00375-CCW

**OPINION AND ORDER**

Plaintiff Michael P. McDonough, Defendant Leopold & Associates, PLLC ("Leopold"),

and Defendant Trinity Financial Services, LLC ("Trinity") have each filed a motion for summary

judgment.  ECF Nos. 106, 108, 115, 122.[1]

For the reasons that follow, Leopold's and Trinity's Motions for Summary Judgment will

be granted in part, such that the Amended Complaint is dismissed for lack of standing.  The

remainder of the parties' Motions will be denied as moot.  Accordingly, Mr. McDonough's

Amended Complaint will be dismissed without prejudice, and he shall be given leave to file a

Second Amended Complaint.

## I.    Background

Mr. McDonough is a Pennsylvania resident who took out a mortgage for his house on

March 22, 2004.  ECF No. 127 ¶ 7;  ECF No. 106-2 at 3.  Trinity is a debt collector, and Leopold

is a New York law firm that Trinity hired to send debt collection communications on behalf of

---

[1] Although Mr. McDonough's Motion was originally filed at ECF No. 115, he corrected it with an errata at ECF No. 122.

Trinity to Mr. McDonough.  ECF No. 127 ¶¶ 2–3;  ECF No. 133 ¶¶ 2–3, 7;  ECF No. 135 ¶ 23.

Mr. McDonough alleges that Trinity and Leopold violated the Fair Debt Collections Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq.* by sending a debt collection letter that falsely and

deceptively threatened to initiate foreclosure proceedings on his house.  *See generally* ECF No.

24.

In brief, Mr. McDonough last made a mortgage payment on November 22, 2007.  ECF No.

135 ¶ 29.  Mr. McDonough maintains that he was not contacted by any entity regarding the

mortgage for over a decade after that payment.  ECF No. 127 ¶ 26.  On July 24, 2019, Trinity was

assigned Mr. McDonough's mortgage.  ECF No. 135 ¶ 11;  ECF No. 106-2 at 15, 17.  On

September 24, 2019, Leopold sent a debt collection letter on behalf of Trinity to Mr. McDonough.

ECF No. 106-3;  ECF No. 135 ¶ 24.

At its core, the letter threatened to initiate foreclosure proceedings on the mortgaged

property, unless Mr. McDonough paid a curative amount of $22,162.20 within thirty-five days.

ECF No. 106-3 at 4–5.  Mr. McDonough claims that the letter violated the FDCPA because the

statute of limitations on the debt had expired and the letter contained various other deficiencies.

ECF No. 127 ¶¶ 22–24;  ECF No. 130 ¶¶ 43–46;  *see generally* ECF No. 24.  The parties dispute

whether the statute of limitations had expired and whether the letter contained those deficiencies.

ECF No. 135 ¶ 41;  *see generally* ECF Nos. 106, 109, 123, 129, 131, 134, 136.  In addition, the

parties dispute what, if any, harm Mr. McDonough suffered as a result of receiving the letter.  *See*

ECF No. 135 ¶¶ 32, 46;  ECF No. 130 ¶¶ 31–32.

II.     **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 170 (3d Cir. 2017) (internal citations and quotations omitted).  "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Razak v. Uber Techs., Inc.,* 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'"  *Id.* (quoting *Anderson*, 477 U.S. at 248).

The burden to establish that there is no genuine dispute as to any material fact "remains with 'the moving party regardless of which party would have the burden of persuasion at trial.'"  *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (quoting *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987)).  That said, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'"  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, summary

judgment "requires the nonmoving party to go beyond the pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [non-movant]." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations and quotations omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffman La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.   Discussion

Both Leopold and Trinity challenge Mr. McDonough's standing to bring this case. A plaintiff has standing when he has suffered an injury-in-fact that is fairly traceable to the challenged conduct and capable of being redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); *see also Kelly v. RealPage, Inc.*, 47 F.4th 202, 211 (3d Cir. 2022). An "injury-in-fact" is one that is concrete and particularized to the plaintiff. *Spokeo, Inc.*, 578 U.S. at 334.

In the operative Amended Complaint, Mr. McDonough alleged the following harm:

> [The FDCPA pursuant to] 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

4

[In addition,] 15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendants deprived Plaintiff of this right.

The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

ECF No. 24 ¶¶ 76–78.  Previously, in opposing class certification, Leopold and Trinity argued that

Mr. McDonough lacked standing in light of *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), which

clarified that violations of a statutory right, absent actual or imminent harm, could not satisfy

Article III standing requirements.  *See* ECF No. 77 at 5;  *see* ECF No. 78 at 7.

In its Opinion denying Mr. McDonough's motion for class certification, this Court found

that Mr. McDonough's alleged harm was sufficient for standing purposes, such that he could

pursue his individual FDCPA claim.  ECF No. 92 at 5 (noting "[n]either the Supreme Court nor

the Third Circuit has applied the holding from *TransUnion* to a claim . . . under the FDCPA").

Specifically, this Court found that Mr. McDonough's asserted informational injury—that he was

deprived accurate information in the collection letter—sufficiently alleged an injury-in-fact for a

FDCPA claim absent "further guidance from either the Supreme Court or the Third Circuit."  ECF

No. 92 at 7.

In the interim, courts have continued to develop this area of law, such that the Court finds

it appropriate to revisit its previous holding.  *See Kelly*, 47 F.4th at 213;  *Lezark v. I.C. Sys., Inc.*,

No. 22-1804, 2023 WL 2609815, at *2–3 (3d Cir. Mar. 23, 2023).  Notably, the Third Circuit has

held that for an informational injury to confer standing, a plaintiff "must establish a nexus among

the omitted information to which [he] has entitlement, the purported harm actually caused by the

specific violation, and the 'concrete interest' that Congress identified as 'deserving of protection'

when it created the disclosure requirement.'"  *Kelly*, 47 F.4th at 213 (quoting *Tailford v. Experian

Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022)).  In addition, the Third Circuit was recently

asked to find informational harm sufficient to establish injury-in-fact in the FDCPA context, but declined to do so and, instead, remanded the case on standing grounds. *See Lezark v. I.C. Sys., Inc.*, No. 22-1804, ECF No. 30, at 9–11 (Nov. 8, 2022) (arguing that plaintiff suffered an informational harm); *see Lezark*, 2023 WL 2609815, at \*3 (remanding the case). In doing so, the Court noted that a plaintiff with a statutory cause of action to sue a defendant for violation of the FDCPA may lack standing if the plaintiff's harm is not sufficiently concrete. *Id.* at \*2–3. In addition, other courts have recently held that the type of informational harm that Mr. McDonough alleges is insufficient for standing purposes. *See, e.g.*, *Chaga v. Simon's Agency, Inc.*, No. 21-4110, 2023 WL 2188699, at \*2, \*4 (E.D. Pa. Feb. 23, 2023) (receiving a debt collection letter that allegedly does not comply with the FDCPA, absent any "detrimental reliance," is insufficient to establish standing).

In his summary judgment submissions, Mr. McDonough has raised new theories of harm to support standing, including that, as a result of receiving the letter, he suffered from increased stress, stopped his plans to sell his house, had marital troubles, and made modifications to his house that he would not have otherwise made. ECF No. 133 ¶ 9; ECF No. 135 ¶ 32. These harms are not included in the Amended Complaint. *See generally* ECF No. 24. The Court cannot consider these new theories at the motion for summary judgment stage if they are absent from the pleadings. *See Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 363 (6th Cir. 2021) (citing *Spokeo*, 578 U.S. at 338); *see also Oh v. Collecto, Inc.*, No. 20-01937, 2021 WL 3732881, at \*4 (D.N.J. Aug. 23, 2021) ("A plaintiff must include allegations of injury in the complaint and establish standing at the outset of a case, or the court is powerless to act.").

In light of recent developments in the law regarding standing to sue for violations of the FDCPA, the Court finds that Mr. McDonough's allegations regarding standing in his pleadings

are insufficient.    Accordingly, the Amended Complaint will be dismissed without prejudice for lack of standing.  However, because the Court has discretion to provide leave to amend at any point prior to trial "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), the Court will provide Mr. McDonough with leave to file a Second Amended Complaint to address the deficiencies identified herein.

### IV.      Conclusion

For the foregoing reasons, Leopold's Motion for Summary Judgment, ECF No. 108, and Trinity's Motion for Summary Judgment, ECF No. 106, are hereby GRANTED IN PART, such that the Amended Complaint is dismissed without prejudice for lack of standing, and the remainder of the parties' Motions, ECF Nos. 106, 108, 122, are hereby DENIED AS MOOT.   Mr. McDonough is granted leave to file a Second Amended Complaint by June 23, 2023.

DATED this 9th day of June, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record