IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL P. MCDONOUGH,<br><br>  Plaintiff,<br><br>  v.<br><br>LEOPOLD & ASSOCIATES, PLLC,<br>TRINITY FINANCIAL SERVICES, LLC,<br><br>  Defendants. | 2:21-CV-00375-CCW |

**OPINION AND ORDER**

Before the Court are two Motions filed by Defendants, *see* ECF Nos. 145, 146, asking the Court to reconsider its prior ruling on the parties' cross-motions for summary judgment, *see* ECF No. 143. Specifically, Defendants assert that the Court should not have granted Plaintiff Michael P. McDonough leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to amplify his allegations with respect to Article III standing. For the reasons that follow, the Court will deny Defendants' Motions.

**I.   Background**

The Court has previously set forth the factual and procedural history of this case, so it will only briefly recount the events that are relevant to resolving the current Motions.

Mr. McDonough filed his first complaint on February 10, 2020, alleging that a debt collection letter sent by Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. *See generally* ECF No. 1. He then filed a first amended complaint on May 21, 2020, which was largely predicated on the same theories. *See generally* ECF No. 24.

On December 24, 2021, as part of its opposition to Mr. McDonough's motion to certify a class, Defendants challenged Mr. McDonough's standing to bring this action in light of the United States Supreme Court's then-recent decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021). *See* ECF No. 78 at 2–3. Noting the absence of Third Circuit caselaw regarding the interaction between *TransUnion* and alleged violations of the FDCPA, the Court found that Mr. McDonough had standing merely "by virtue of [his] receipt of false or misleading debt collection communications." *See* ECF No. 92 at 6 (citing cases).

In March of 2023, Defendants moved for summary judgment, primarily on the ground that Mr. McDonough lacked Article III standing. ECF Nos. 106, 108. On June 9, 2023, the Court granted those motions in part, dismissing Mr. McDonough's first amended complaint for lack of standing, in light of recent Third Circuit decisions that compelled the Court to revisit its 2021 decision regarding Mr. McDonough's standing. *See generally* ECF No. 143. In light of the intervening developments in the law regarding standing, the Court provided Mr. McDonough leave to amend his complaint pursuant to Rule 15(a)(2) to address the deficiencies related to standing. *Id.* at 7. Defendants now ask the Court to reconsider its decision to provide Mr. McDonough leave to amend. *See* ECF Nos. 145, 146. With briefing now complete, the Motions are ripe for adjudication. *See* ECF Nos. 150, 155, 156.

**II.     Legal Standard**

A motion for reconsideration of an interlocutory order is subject to Federal Rule of Civil Procedure 54(b). *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). An order that provides a party leave to amend is an interlocutory order. *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017). Rule 54(b) provides that

interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Unlike motions governed by Rule 59(e), a court may reconsider a prior interlocutory order "even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *See Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Rather, a district court may reconsider an interlocutory order whenever it is "consonant with justice" to do so. *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). This discretion must be exercised "in a responsible way, both procedurally and substantively" with "a presumption against reconsideration of interlocutory decisions." *Id.* at 95–96. Although a court "has the power to revisit prior decisions of its own," it "should be loathe to do so in the absence of extraordinary circumstances." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

A party seeking reconsideration of an interlocutory order must establish good cause for doing so. *Qazizadeh*, 214 F. Supp. 3d at 295. Good cause will not exist when such a motion is "used as a means to reargue matters already argued," is merely "an attempt to relitigate a point of disagreement between the Court and the litigant," is nothing more than a "second bite at the apple," or raises "new arguments or evidence that could have been proffered prior to the issuance of the order in question." *Qazizadeh*, 214 F. Supp. 3d at 295–96 (internal quotation marks omitted).

### III.     Discussion

Defendants ask the Court to reconsider its prior decision to provide Mr. McDonough an opportunity to amend his complaint pursuant to Rule 15(a)(2).  If their request is granted, Mr. McDonough's case would be dismissed with prejudice.  For the following reasons, the Court will deny the Motions to reconsider because dismissing Mr. McDonough's case with prejudice would not be consonant with justice.

In granting Mr. McDonough leave to amend, the Court noted in its prior decision that Rule 15(a)(2) provides that a court "should freely give leave [to amend pleadings] when justice so requires."  This provision liberally favors amendments to complaints, as doing so "furthers one of the basic objectives of the federal rules—the determination of cases on their merits."  *Professional Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 165 (3d Cir. 2007);  *see also Westport Ins. Corp. v. Hippo Fleming & Pertile L. Offs.*, 319 F.R.D. 214, 219 (W.D. Pa. 2017) (Gibson, J.).  A district court need not provide leave to amend if (1) there is "undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Even if prejudice exists, the decision to provide leave to amend is still within the discretion of the district court.  *See Westport Ins.*, 319 F.R.D. at 219–20 (citing *Fraser v. Nationwide Mut. Ins.*, 352 F.3d 107, 116 (3d Cir. 2003)).  Defendants assert that amending a complaint at this stage of the litigation will prejudice them and cause undue delay, such that the Court should not have provided leave to amend.  The Court disagrees.

Defendants argue that providing leave to amend is "extremely prejudicial," because amendment will require new discovery and new briefing for summary judgment.  ECF No. 145 at 12; ECF No. 146 at 1.  The Third Circuit has noted that "prejudice to the [opposing] party is the

4

touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). In assessing prejudice, "courts may inquire into the hardship to the [opposing] party if leave to amend is denied." *Id.* at 824. "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).

The Court finds that an amendment that may require new discovery and new summary judgment briefing is not so prejudicial that Mr. McDonough should have been denied leave to amend. As the Third Circuit has noted, "claims of prejudice [that] rest solely on the need to redraft [a] motion for summary judgment and the possibility that some additional discovery will be required" are inadequate to "establish that prejudice will result from permitting the plaintiff to amend." *Dole*, 921 F.2d at 488. Moreover, neither Defendant has made the requisite showing that its ability to present its case is "seriously impaired" by the additional allegations. *Id.* Notably, Mr. McDonough's amendment does not add new claims or alter the substance of the dispute, but is limited to additional allegations of standing, which will allow the Court to address the merits of his FDCPA claim. *See Kennedy Funding, Inc.*, 245 F. App'x at 165 (courts should liberally provide leave to amend when it would allow them to address the merits of the dispute). Therefore, the Court finds that Defendants have not demonstrated sufficient prejudice to warrant granting Defendants' Motions for Reconsideration.

Defendants also assert that reconsideration is warranted because an amendment at this time would constitute "undue delay." *Lake*, 232 F.3d at 373. The Court disagrees. "[D]elay alone is insufficient to justify denying leave to amend." *Evans v. City of Phila.*, 763 F. App'x 183, 185 (3d Cir. 2019). However, "at some point, the delay will become 'undue.'" *Adams v. Gould Inc.*,

739 F.2d 858, 868 (3d Cir. 1984) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). The Third Circuit has explained that delay becomes undue when it is "protracted and unjustified" because it either (i) places a burden on the court or the opposing party or (ii) shows "a lack of diligence sufficient to justify a discretionary denial of leave." *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017)). To the extent defendants assert that delay is undue because of the burden it places on them at a relatively late stage of the litigation, the cases they rely on are inapposite because they involved denial of leave to amend after judgment had been entered. And to the extent Defendants assert that delay is undue because Mr. McDonough "would have known of these alleged injuries from the beginning," ECF No. 145 at 12, this ignores how the standing doctrine has evolved. At the time Mr. McDonough filed his original complaint, the law regarding what a plaintiff needed to allege with respect to standing was different than it is now. And, indeed, the Court issued a decision that he had sufficiently alleged standing. Since that time, however, the Third Circuit has asked more of plaintiffs when alleging standing in this context. *See* ECF No. 143 at 5 (citing *Kelly v. RealPage, Inc.*, 47 F.4th 202 (3d Cir. 2022) and *Lezark v. I.C. Sys., Inc.*, No. 22-1804, 2023 WL 2609815 (3d Cir. Mar. 23, 2023)). In light of these recent legal developments regarding standing, the Court finds it would not be appropriate to dismiss Mr. McDonough's case with prejudice for his failure to include additional allegations when he filed his complaint.

In exercising its discretion to provide leave to amend as justice so requires, per Rule 15(a)(2), the Court appropriately considered Mr. McDonough's reliance on the Court's prior decision and the evolving law in the FDCPA context. Defendants have not raised anything that persuades the Court that a dismissal with prejudice in their favor is consonant with justice, given

the unique developments in this case. Accordingly, the Court will deny the Motions for Reconsideration.

## IV. Conclusion

For the foregoing reasons, the Motions for Reconsideration, ECF Nos. 145, 146, are hereby **DENIED**, and the Court will not disturb its decision to grant Mr. McDonough leave to amend his complaint pursuant to Rule 15(a)(2).

DATED this 8th day of August, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record