UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
_____

Michael P. McDonough, individually and
all others similarly situated

        Plaintiff,                  Case No.: 2:21-cv-000375-CCW

v.

Leopold & Associates, PLLC and Trinity Financial
Services, LLC,
        Defendants.
_____

## DEFENDANT TRINITY FINANCIAL SERVICES, LLC'S
## REPLY TO PLAINTIFF'S ADDITIONAL BRIEFING ON THE PMLA

Defendant Trinity Financial Services, LLC ("Trinity") files this Reply to the Court's Order for Additional Briefing on the Pennsylvania Mortgage Licensing Act ("PMLA") as follows:

1. On June 21, 2024, the Court issued an order requesting the following briefing on the "Pennsylvania Mortgage Licensing Act (the "PMLA").

2. Trinity filed its briefing on June 28, 2024, as did the other parties. Docs. 203-205.

3. The Court subsequently requested Plaintiff respond to Trinity's briefing concerning "addressing Trinity's argument regarding 7 Pa. C.S. § 6153 as set forth in the Brief, specifically whether section 6153 is or is not applicable to the HELOC at issue in this action." Court's Text Order, July 1, 2024.

4. Plaintiff filed his response to this request for briefing on July 3, 2024. Doc. 207. Plaintiff summarizes his argument as follows:

> In sum, there is a difference between saying that the MLA does not operate to invalidate loans which originated prior to its enactment (such a holding would be legally sound) and quite another to take the position that Trinity is not subject to the licensing requirements of the MLA in connection with a loan that it purported to purchase after the effective date of the Act as a condition precedent to undertaking any collection activity. It is further disingenuous for Trinity to now

1

argue that § 6153 stands for the premise that the MLA does not apply to it when it previously agreed with the Banking Department's assessment that it was subject to the provisions of the MLA and acted in violation of the Act when it signed the Consent Agreement and Order. Dkt. No. 172-5.

*Id*. at 7. The only person making this disingenuous argument is Plaintiff.

5. Trinity never claimed it was not subject to the licensing requirements of the PMLA—Plaintiff has simply invented this argument. Trinity was sued by the Department, came to a resolution, paid a fine, and registered with the state—all of this public record and before the Court. As Plaintiff notes, it would be disingenuous for Trinity to argue the PMLA does not apply to it in light of Trinity agreeing to the Consent Agreement and Order—but Trinity has never taken this position.

6. Trinity's position is stated clearly in its brief—the MLA has no effect on the statute of limitations issue as it related to the underlying mortgage and cannot serve as grounds for finding Article III standing in this matter. Doc. 203.

7. Trinity never once argued that it was not required to comply with the law or Pennsylvania's licensing requirements. *Id*. Trinity simply pointed out the statute has no effect on mortgages entered into prior to the effective date of the chapter, and thus has no effect on whether the note is considered to be made under seal in accordance with Pennsylvania law. 7 Pa. Cons. Stat. § 6153. This is the black letter law found at 7 Pa. Cons. Stat. § 6153. Plaintiff's argument that Trinity's purchase of the debt at a date after the effective date somehow abrogates this provision has no basis in law. Doc. 207 at 7. There are no valid grounds for this Court to extend any provisions of the MLA as Plaintiff requested, nor has such relief actually been sought by Plaintiff.

8. Further, the legislative history cited by Plaintiff—which is unnecessary to interpreting a straightforward statutory provision—further shows the legislature did not intend to regulate any notes already in existence—"[w]e will not cure the current mortgages in crisis; those

contracts are already out the door." <u>Doc. 207</u> at 5. Thus, there are no grounds for reading any provision of the PMLA beyond what the statute says—"[n]othing contained in this chapter shall be construed to impair or affect first or secondary mortgage loans executed prior to the effective date of this chapter." 7 Pa. Cons. Stat. § 6153 (effective November 5, 2008).

9. Trinity respectfully directs this Court to its own briefing and argument submitted by Trinity and Leopold, rather than Plaintiff's mischaracterization of Trinity's arguments and Plaintiff's invention of new arguments. Further, Trinity requests that Plaintiff be limited to the allegations raised in his Second Amended Complaint and motion papers, rather than be given further opportunities to investigate claims that the Court itself admitted were not adequately addressed for the Court to consider whether they have legal merit.

WHEREFORE, Defendant Trinity Financial Services, LLC, respectfully requests this Court accept this briefing pursuant to the Court's request, and further requests this Court grant Trinity's Motion for Summary Judgment in this matter.

Dated: July 7, 2024

        **LIPPES MATHIAS LLP**

        <u>s/ Brendan H. Little</u>
        Brendan H. Little, Esq.
        Attorneys for Defendant
        Trinity Financial Services, LLC
        50 Fountain Plaza, Suite 1700
        Buffalo, NY 14202
        P: 716-853-5100
        F: 716-853-5199
        E: blittle@lippes.com