IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL P. MCDONOUGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEOPOLD & ASSOCIATES, PLLC and<br>TRINITY FINANCIAL SERVICES, LLC,<br><br>　　　　Defendants. | 2:21-CV-00375-CCW |

**OPINION AND ORDER**

Before the Court are three Motions *in Limine*, one filed by each party. ECF Nos. 238, 247, and 248. For the below reasons, the Court will deny each Motion.

**I.     LEGAL STANDARD**

A court's authority to rule on motions *in limine* comes from its inherent authority to manage trials proceedings before it, not from the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Consistent with that authority, a court may screen irrelevant or otherwise improper evidence, thereby "narrow[ing] the evidentiary issues for trial and . . . eliminat[ing] unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988) ("A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant."). That said, a "trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 WL 3573663, at *3 (W.D. Pa. Aug. 6, 2019) (Gibson, J.) (internal citation omitted).

II.    **DISCUSSION**

    A.    **The Court Will Deny Plaintiff's Motion to Exclude the Unredacted Copy of the Collection Letter, ECF No. 238**

Plaintiff Michael McDonough moves pursuant to Rules 401 and 403 of the Federal Rules of Evidence to preclude Defendants Leopold and Trinity from presenting at trial an unredacted copy of the collection letter that forms the basis of Mr. McDonough's Fair Debt Collection Practices Act lawsuit.[1] ECF No. 238. Plaintiff acknowledges that the collection letter is relevant and that he intends to present the letter, with one disputed paragraph redacted, as part of his case-in-chief. *Id.* at 2. But he seeks to preclude Defendants from presenting the disputed paragraph of the letter, which discusses acceleration of Plaintiff's debt, for the purpose of showing that Plaintiff's home equity line of credit (HELOC) was not accelerated at any time before the collection letter was sent to him. *Id.* Whether Plaintiff's HELOC was accelerated is a disputed factual issue that is relevant to whether Plaintiff's claim is or is not time-barred. *Id.* Plaintiff acknowledges the relevance of the disputed paragraph, but asserts that it will mislead the jury and that Defendants have not established an appropriate foundation for admission of the disputed paragraph because Defendants have not pointed to other documents in the record to support the position that the HELOC had not been accelerated. ECF No. 245 at 4–5.

Defendant Leopold responds that it will be able to authenticate the letter as its business record, and that it will offer testimony that as far as Leopold was aware, the HELOC had not been accelerated. ECF No. 250 at 2. Leopold contends that the disputed paragraph of the letter is

---

[1] The unredacted collection letter is attached as Exhibit 1 to Plaintiff's Second Amended Complaint, ECF No. 144-1, and listed on the parties' Joint Exhibit List as Joint Exhibit JX1. *See* ECF No. 234. The Joint Exhibit List refers to Exhibit JX1 as the "(Redacted) Letter dated September 24, 2019," and notes that its inclusion is subject to Plaintiff's Motion *in Limine*. *Id.* The Court assumes that the "Redact[ion]" referred to on the Joint Exhibit List refers to redacted loan information that appears on page one of the collection letter at ECF No. 144-1, and not to redaction of the disputed paragraph.

circumstantial evidence that Plaintiff's HELOC had not yet been accelerated at the time the collection letter was sent. *Id.* at 1–2. Defendant Trinity asserts that Plaintiff's foundation objection regarding the disputed paragraph of the letter is premature, because the Court cannot determine whether that paragraph of the letter has a proper foundation until it is offered for admission. ECF No. 249 at 2. Trinity also argues that redacting the disputed paragraph of the letter would unfairly prejudice Defendants and that the entire letter is admissible under Federal Rule of Evidence 106's rule of completeness if Plaintiff seeks to admit only a portion. *Id.* at 3.

The Court will DENY Plaintiff's Motion. The Court concludes that the collection letter, including the disputed paragraph, is highly relevant to this case, would not mislead the jury, and that the disputed paragraph would be admissible under Rule 106's rule of completeness if other portions of the letter are presented. The Court also agrees that Plaintiff's foundation objection is premature. Therefore, the Court will DENY Plaintiff's Motion and admit the entire unredacted collection letter, without prejudice to Plaintiff's ability to make a foundation objection to the disputed paragraph at trial.

**B.    The Court Will Deny Defendant Trinity's Motion in Limine, ECF No. 247**

Trinity seeks to preclude Plaintiff from presenting the following at trial: (1) testimony as to "information gained from hearsay" pursuant to Federal Rule of Evidence 802; (2) evidence of "other lawsuits against Trinity" pursuant to Federal Rule of Evidence 404(b); and (3) evidence of actual damages. ECF No. 247 at 1–5. Plaintiff responds that Trinity's motion as to (1) and (2) is premature and overly broad/general, because hearsay objections are context-specific, and because evidence of other lawsuits may be admissible under Federal Rule of Evidence 404(b)(2) for other permitted purposes. ECF No. 252 at 2–3. The Court agrees with Plaintiff that Trinity's Motion is premature and overly broad with respect to categories (1) and (2). The Court does not have

3

sufficient information to determine what specific evidence is being challenged, whether a hearsay exclusion or exception may apply, or whether evidence regarding other lawsuits may be admissible. Therefore, Trinity's Motion will be DENIED with respect categories (1) and (2).

With respect to category (3), Trinity contends that Plaintiff may not present evidence regarding his claim for actual damages in the amount of $70,000, because he did not disclose that amount prior to filing his pretrial narrative, ECF No. 224, he has not offered a computation for this amount, and earlier in the case he stated that he was not seeking actual damages. ECF No. 247 at 3-4. Therefore, Trinity contends it has been "ambushed" by the claim for $70,000. *Id.* at 4.

Plaintiff responds that after the filing of the Second Amended Complaint, Trinity had the opportunity to, and did, depose Plaintiff about his actual damages. ECF No. 252 at 4–5. Plaintiff further contends that Trinity is aware of each category of damages sought by Plaintiff, and that because many of the types of damages Plaintiff seeks are intangible harms (such as stress, anxiety, sleepless nights), they are not readily susceptible to precise calculation. *Id.* at 5. The Court concludes that Trinity is sufficiently on notice of Plaintiff's claim for actual damages, and that Plaintiff should not be precluded from presenting evidence regarding that topic at trial. Defendants, of course, will have the opportunity to challenge that evidence through cross-examination. Accordingly, Trinity's Motion will be DENIED.

### C. The Court Will Deny Defendant Leopold's Motion to Exclude Plaintiff's Evidence of Payment History from PNC, ECF No. 248

Leopold seeks to preclude Plaintiff from introducing evidence of "payment history from PNC," specifically Joint Exhibit JX3, which Plaintiff contends shows that PNC charged off his HELOC in 2007. ECF No. 248. Leopold contends that Plaintiff has not authenticated this document per Federal Rule of Evidence 901, because Plaintiff "has not identified a

foundation/custodian witness from PNC" or presented an alternate basis for introducing this document at trial. ECF No. 248.

Plaintiff responds that Leopold's authenticity challenge to this document fails because its co-Defendant Trinity produced the document in this case in response to Plaintiff's discovery requests, and therefore the document is admissible when offered into evidence by the producing party's party opponent, here Plaintiff. ECF No. 251 at 2.

The Court agrees with Plaintiff that the authenticity of the PNC Bank pay history exhibit is not subject to challenge by Leopold. *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 585 F. Supp. 3d 766, 781 (W.D. Pa. 2022) (Wiegand, J.) (citing cases). Accordingly, Leopold's Motion will be DENIED.

### III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Motions *in Limine* at ECF Nos. 238, 247, and 248 are DENIED.

DATED this 10th day of December, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record